UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ASHLEY A. M.,

                                                Plaintiff,

v.                                                                 6:23-cv-0738
                                                                   (BKS/TWD)

COMMISSIONER OF SOCIAL SECURITY,

                                                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OLINSKY LAW GROUP<br>250 South Clinton Street<br>Suite 210<br>Syracuse, NY 13202<br>Counsel for Plaintiff | HOWARD D. OLINSKY, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>OFFICE OF THE GENERAL COUNSEL<br>6401 Security Boulevard<br>Baltimore, MD 21235<br>Counsel for Defendant | CANDACE M. BROWN CASEY, ESQ. |

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION

**I.    INTRODUCTION**

      Ashley A. M. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Dkt. No. 1. Plaintiff did not consent to the jurisdiction of a Magistrate Judge. Dkt. No. 7. The matter was referred to the undersigned for a report and

recommendation by the Hon. Brenda K. Sannes, United States Chief District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d).

Both parties filed briefs, which the Court treats as motions under Federal Rule of Civil Procedure Rule 12(c), in accordance with General Order 18. Dkt. Nos. 16, 20. For the reasons set forth below, the Court recommends Plaintiff's motion for judgment on the pleadings be granted, Defendant's motion be denied, and the decision of the Commissioner be reversed and remanded for further administrative proceedings.

## II.   BACKGROUND

Plaintiff was born in 1981, was 26 years old at her alleged onset date of disability, and 36 years old at the time of her application for benefits. *See* T. 426, 431, 486.[1] She has four years of college education, no vocational training, and previously worked as a cashier. *Id*. at 492.

On August 31, 2018, Plaintiff protectively filed an application for social security benefits. *Id*. at 430. She alleged disability beginning on January 1, 2008, due to schizophrenia and other mental conditions. *Id*. at 491. Her applications were initially denied on January 25, 2019, *id*. at 273, and again upon reconsideration on August 16, 2019, *id*. at 287.

On March 18, 2020, and August 5, 2020, Plaintiff appeared at hearings via teleconference before Administrative Law Judge ("ALJ") Elizabeth W. Koennecke. *See id*. at 195-224. On August 14, 2020, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act ("SSA"). *See id*. at 18-33. The Appeals Council denied Plaintiff's requests for review on February 11, 2021, and February 23, 2021. *See id*. at 1-4, 8-11.

---

[1] The Administrative Record/Transcript is found at Dkt. No. 11. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF electronic filing system assigns. Citations to the parties' submissions will use page numbers assigned by CM/ECF, the Court's electronic filing system.

Plaintiff filed a complaint in the Northern District of New York on April 26, 2021. *See Ashley A. M. v. Commissioner of Social Security*, No. 6:21-CV-0469 (TJM/ML), Dkt. No. 1. On November 16, 2021, the parties stipulated to remand the matter for further administrative proceedings, and the Honorable Judge Thomas J. McAvoy ordered remand to the Appeals Council on November 17, 2021. *See id*. Dkt. Nos. 21-22.

The Appeals Council vacated its prior finial decision and remanded the case to ALJ Koennecke on March 18, 2022. *See T*. 882-84. Plaintiff re-appeared before the ALJ on February 6, 2023, via teleconference. *See id*. at 814-831.

On April 17, 2023, the ALJ issued a written decision finding Plaintiff was not disabled under the SSA. *See id*. at 780-805. Plaintiff timely commenced this action on June 19, 2023. Dkt. No. 1.

## III.  LEGAL STANDARDS

### A.  Standard of Review

In reviewing a final decision of the Commissioner, a court must first determine whether the correct legal standards were applied, and if so, whether substantial evidence supports the decision. *Atwater v. Astrue*, 512 F. App'x 67, 69 (2d Cir. 2013). "Failure to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks and citation omitted). Therefore, a reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986-87 (2d Cir. 1987).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42

U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (internal quotation marks and citation omitted). If the ALJ's finding as to any fact is supported by substantial evidence, it is conclusive. 42 U.S.C. § 405(g); *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995). Further, where evidence is deemed susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)) (additional citation omitted). If supported by substantial evidence, the Commissioner's findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford* 685 F.2d at 62) (additional citations omitted). A reviewing court cannot substitute its interpretation of the administrative record in place of the Commissioner's if the record contains substantial support for the ALJ's decision. *See Rutherford*, 685 F.2d at 62.

When inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019); *Pratts v. Chater*, 94 F.3d, 34, 39 (2d Cir. 1996). Remand may also be appropriate where

4

the ALJ has failed to develop the record, adequately appraise the weight or persuasive value of witness testimony, or explain his reasonings. *See Klemens v. Berryhill*, 703 F. App'x 35, 35-38 (2d Cir. 2017); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999); *Estrella*, 925 F.3d at 98; *Burgess v. Astrue*, 537 F.3d 117, 130 (2d Cir. 2008); *Pratts*, 94 F.3d at 39.

### B. Standard for Benefits [2]

To be considered disabled, a plaintiff seeking disability benefits must establish she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Additionally, the claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 423(d)(2)(A).

The Social Security Administration regulations outline a five-step process to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past

---

[2] While the Supplemental Security Income program has special economic eligibility requirements, the requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, therefore, "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Dep't of Health & Hum. Servs. of U.S.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

> relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess*, 537 F.3d at 120; 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v)). The claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If the claimant meets his or her burden of proof, the burden shifts to the Commissioner at the fifth step to prove the claimant is capable of working. *Id*.

## IV.    THE ALJ'S DECISION

The ALJ applied the five step sequential evaluation process promulgated by the Commissioner for adjudicating disability claims. *See* T. 780-805. At step one, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2008, and had not engaged in substantial gainful activity since the alleged onset date, January 1, 2008. *Id*. at 783. Proceeding to step two, the ALJ determined Plaintiff had the following severe impairments: " all mental diagnoses as variously characterized . . . ." *Id*. at 784. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*. at 786.

The ALJ next determined Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with certain additional non-exertional limitations, specifically:

> [Plaintiff] retains the ability to understand and follow simple instructions and directions, perform simple tasks independently, maintain attention and concentration for simple tasks, and regularly attend to a routine and maintain a schedule; she can make occasional decisions directly related to the performance of simple tasks; she

6

> should have duties that do not require her to supervise or manage the work of others; she should avoid work requiring working on a team; she can have superficial contact with co-workers; she can tolerate normal supervision for simple tasks, but should have no contact with the public.

*Id*. at 789.  At step four, the ALJ found Plaintiff had no past relevant work.  *Id*. at 803.  At step five, the ALJ determined, based on Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy she could perform.  *Id*.  Accordingly, the ALJ concluded Plaintiff was not disabled.  *Id*. at 805.

## V.    DISCUSSION

Plaintiff argues the ALJ's step three analysis was insufficient.  *See generally*, Dkt. No. 16 at 8-14.  More specifically, she avers the ALJ erred in failing to assess whether she satisfied the criteria contained in Listing 12.03 paragraph C.  *See id*.  Defendant contends the ALJ's finding that Plaintiff's mental impairments did not meet the criteria for listing 12.03 is supported by substantial evidence.  *See* Dkt. No. 20 at 6-18.

"The Listing of Impairments . . . describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. § 404.1525(a); *see also*, *e.g.*, *Pratt v. Astrue*, No. 7:06-CV-0551 (LEK/DRH), 2008 WL 2594430, at *6 (N.D.N.Y. June 27, 2008) ("If a claimant's impairment or combination of impairments meets or equals a listed impairment, the evaluation process is concluded and the claimant is considered disabled . . . .") (citing 20 C.F.R. § 404.1520(a)(4)(iii)).  At step three, the burden is on the claimant "to show that her impairments meet or medically equal a Listing."  *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 272 (N.D.N.Y. 2009) (citing *Naegele v. Barnhart*, 433 F. Supp.2d 319, 324 (W.D.N.Y. 2006)).  "For a claimant to show that his impairment matches a listing, it

must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (footnotes omitted, emphasis in original).

Here, in finding Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments, the ALJ considered Plaintiff's impairments using the criteria contained in "sections 12.03, 12.04, [and] 12.06 of the Listings . . . ." T. 786. As relevant here, the listings for mental disorders 12.03, schizophrenia spectrum and other psychotic disorders, 12.04, depressive, bipolar and related disorders, and 12.06, anxiety and obsessive-compulsive disorders, contain "three paragraphs, designated A, B, and C . . . ." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(A)(2). To satisfy the listing standard for such an impairment, a claimant's "mental disorder must satisfy the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C." *Id*.

The paragraph A criteria for listing 12.03 for schizophrenia spectrum and other psychotic disorders require a claimant to provide:

> A. Medical documentation of one or more of the following:
>    1. Delusions or hallucinations;
>    2. Disorganized thinking (speech); or
>    3. Grossly disorganized behavior or catatonia.

*Id*. § 12.03(A)(1)-(3). To satisfy the requirements for paragraphs B or C, a claimant must demonstrate either:

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
>    1. Understand, remember, or apply information (see 12.00E1).
>    2. Interact with others (see 12.00E2).
>    3. Concentrate, persist, or maintain pace (see 12.00E3).
>    4. Adapt or manage oneself (see 12.00E4).
> or

> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

*Id*. § 12.03(B)-(C). The listings further provide, as used in paragraph C2, "'Marginal adjustment'" means a claimant's "adaptation to the requirements of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life." *Id*. § 12.00(G)(2)(c). A claimant will be deemed to have achieved only "marginal adjustment" where "the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning . . . ." *Id*.

Generally, "an ALJ 'should set forth a sufficient rationale in support of his decision to find or not to find a listed impairment,'" however, "the absence of an express rationale for an ALJ's conclusions does not prevent [a reviewing court] from upholding them so long as we are 'able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that [the ALJ's] determination was supported by substantial evidence.'" *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 112 (2d Cir. 2010) (Summary Order) (citing *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982)); *see also* Social Security Ruling 17-2P, 2017 WL 3928306, at *4 (S.S.A. Mar. 27, 2017); *Matthew S. S. v. Comm'r of Soc. Sec.*, No. 6:21-CV-0014 (TJM/ML), 2022 WL 686704, at *4 (N.D.N.Y. Jan. 20, 2022) ("An ALJ is not required, in every instance, to provide an express explanation for his conclusion that a claimant's impairments fail to meet or equal the requirements of a Listing.") (citations omitted), *report and recommendation adopted*,

2022 WL 685416 (N.D.N.Y. Mar. 8, 2022).  In the instant matter, the ALJ conducted a thorough analysis of whether Plaintiff's mental impairment satisfied the relevant listing's "paragraph B" criteria, concluding she had only mild or moderate limitations in each of the areas of mental functioning, and supporting each with evidence from Plaintiff's medical records.  *See* T. 786-87.  By contrast, the ALJ conducted no such analysis of the "paragraph C" criteria.  *See id*. at 786-89.  "The fact that the ALJ neither identified the paragraph C criteria nor specifically addressed why he concluded that Plaintiff did not meet the criteria warrants remand for further explanation."  *Nicole F. v. Saul*, No. 8:18-CV-760 (DJS), 2019 WL 4736216, at *4 (N.D.N.Y. Sept. 27, 2019) (citing *Aregano v. Astrue*, 882 F. Supp. 2d 306, 320 (N.D.N.Y. 2012)) (internal quotations and additional citation omitted).

As Plaintiff points out, *see generally*, Dkt. No. 16 at 11, the ALJ failed to even identify the criteria, much less "discuss these criteria individually or explain how or why Plaintiff failed to meet each."  *Megan J. v. Saul*, No. 1:19-CV-1021 (DJS), 2020 WL 3545545, at *3 (N.D.N.Y. June 30, 2020).  Indeed, the sole mentions of the "paragraph C" criteria were the ALJ's note that "Dr. Liber-Diaz further opined that the evidence did not establish the presence of the 'paragraph C' criteria . . ." and conclusion that the ALJ found "support for the opinion of Dr. Dambrocia, to the extent he determined . . . that the evidence did not establish the presence of the 'paragraph C' criteria . . . ."  *See* T. 787-88.

Yet, medical records Plaintiff submitted provided documented a history of schizophrenia spectrum and other psychotic disorders over a period of more than two years.  *See, e.g.*, *id*. at 230, 250-51, 574, 589, 613, 713, 1095.  Additionally, Plaintiff's records documented ongoing treatment to diminish her schizophrenia symptoms, as required to satisfy Listing 12.03(c)(1).  *See, e.g.*, *id*. at 574, 588-89, 616, 645, 669, 697, 717.  With respect to paragraph (c)(2),

statements in Plaintiff's treatment records also indicate she may have experienced a minimal capacity to adapt to changes or an increase in demands. *See*, *e.g.*, *id*. at 707 (NP Thompson noting, on February 19, 2020, Plaintiff "cannot tolerate stress or changes in demand . . . ."); 1096 (Dr. Jayawardena noting, on September 13, 2018, Plaintiff experienced an "increase in symptoms when under stress" and an "increase in paranoia & relapse has occurred when [she] last worked . . . ."). Furthermore, despite opining the evidence did not establish the presence of the "paragraph C" criteria, State agency physiological consultants Dr. Dambrocia and Dr. Lieber-Diaz both observed Plaintiff "can be affected negatively by stress" and, "may have difficulties . . . adapting to changes . . . ." *See id*. at 230, 251.

Given this evidence supporting Plaintiff's contention her mental impairment was "serious and persistent," the ALJ was required to provide some analysis of Plaintiff's schizophrenia symptoms *in connection with the listing's "paragraph C" criteria*. *See*, *e.g.*, *Megan J.*, 2020 WL 3545545, at *4 (explaining, while a reviewing court may affirm an ALJ's conclusion that a plaintiff's impairments did not meet the listing criteria "[d]espite the lack of a detailed explanation" so long as other portions of the decision indicate the ALJ's "conclusion was supported by substantial evidence . . . . Affirmance under this rule is not an appropriate option" where "the remainder of the ALJ's decision does not discuss the diagnostic criteria for" the relevant Listing "in sufficient detail for the Court to assess whether the conclusion was supported by substantial evidence.") (citation omitted); *see also*, *Flake v. Comm'r of Soc. Sec.*, No. 7:15-CV-1128 (GTS/WBC), 2016 WL 7017355, at *6 (N.D.N.Y. Nov. 10, 2016) ("Whether Plaintiff has an impairment or combination of impairments that meets or equals a Listing is a determination reserved for the Commissioner. Therefore, remand is recommended for the ALJ

to articulate her basis for her step three determination."), *report and recommendation adopted*, 2016 WL 7017396 (N.D.N.Y. Dec. 1, 2016).

To be sure, the ALJ was entitled to rely on the opinions of the State agency psychological consultants, who concluded Plaintiff failed to establish the "paragraph C" criteria. *See Baszto v. Astrue*, 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010) (citations omitted). However, "without some reasoned explanation as to why Plaintiff's" mental impairments "did not meet or medically equal" the criteria for Listing 12.03(c), "the Court cannot perform the meaningful review that it is required to perform." *Jonisha M. G. v. Comm'r of Soc. Sec.*, No. 5:22-CV-1412 (TWD), 2024 WL 1219696, at *7 (N.D.N.Y. Mar. 21, 2024) (internal quotations and citation omitted); *see also*, *e.g.*, *Samantha S. v. Comm'r of Soc. Sec.*, No. 5:19-CV-621 (ATB), 2020 WL 2309094, at *11 (N.D.N.Y. May 8, 2020) ("While the ALJ may ultimately find that a considered listing does not apply to Plaintiff, [s]he must still provide some analysis of Plaintiff's symptoms and medical evidence in the context of the Listing criteria."). In other words, "Plaintiff could establish 'at least a colorable case' that she satisfied" the criteria contained in Listing 12.03(C) and "the ALJ's decision was so deficient that it has left the Court unable to engage in a meaningful review." *Ashley C. v. Saul*, No. 3:19-CV-1212 (MAD), 2020 WL 6343306, at *5 (N.D.N.Y. Oct. 29, 2020) (citation omitted). Accordingly, the undersigned recommends the matter be remanded to the Commissioner for further consideration and explanation as to whether Plaintiff's mental impairments satisfied the criteria contained in Listing 12.03.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) be **GRANTED**; and it is further

**RECOMMENDED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 20) be **DENIED**; and it is further

**RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings; and it is further

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: July 2, 2024
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge